IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FERNANDO AGUILAR,

    Plaintiff,

vs.                                                                                                    No. 00cv0675 BB/JHG

JOANNE B. BARNHART,[1]
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

This matter is before the Court on Plaintiff's (Aguilar's) Motion to Reverse or Remand Administrative Decision, filed May 1, 2001. The Commissioner of Social Security issued a final decision denying Aguilar's application for disability insurance benefits and supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion to remand is not well taken and recommends that it be DENIED.

Aguilar, now fifty-three years old, filed his application for disability insurance benefits and supplemental security income on September 2, 1994, alleging disability since January 1, 1993, due to asthma and presbyopia.[2] Tr. 18. He has a sixth grade education obtained in Mexico and past

---

[1] On November 9, 2001, JoAnne B. Barnhart was sworn in as Commissioner of the Social Security Administration. Thus, she is substituted as Defendant in this action.

[2] Presbyopia is the physiologic loss of accommodation in the eyes in advancing age, said to begin when the near point has receded beyond 22 cm (9 inches). *Stedman's Medical Dictionary* 1422 (26th ed. 1995).

relevant work as a miner, construction laborer, roofer, dump truck driver, and heavy equipment operator. Tr. 15. Aguilar is not literate in the English language. The Commissioner denied Aguilar's application for disability insurance benefits and supplemental security income both initially and on reconsideration. On February 18, 1999, the Commissioner's Administrative Law Judge (ALJ) denied benefits, finding Aguilar had severe impairments consisting of asthma and presbyopia. Tr. 11. However, the ALJ found Aguilar did not have any disorder or combination of disorders meeting or equaling in severity any of the disorders described in the Listing of Impairments, Subpart P, Appendix 1. *Id.* The ALJ specifically reviewed Listings 2.00 and 3.00. The ALJ further found Aguilar's testimony did not credibly establish symptoms or functional limitations to the extent alleged. *Id.* Finally, the ALJ found Aguilar retained the residual functional capacity (RFC) to perform a full range of medium-level work. Tr. 14. Aguilar filed a Request for Review of the decision by the Appeals Council. On April 14, 2000, the Appeals Council denied Aguilar's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Aguilar seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a

claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse or remand, Aguilar makes the following arguments: (1) the ALJ's RFC finding is not supported by substantial evidence and is contrary to law; and (2) the ALJ's finding that his complaints of pain and nonexertional limitations were not credible is not supported by substantial evidence and is contrary to law.

Aguilar contends the ALJ's RFC finding is not supported by substantial evidence and is contrary to law. In arriving at an RFC, agency rulings require that an ALJ must provide a "narrative discussion describing how the evidence supports" his or her conclusion. See SSR 96-

3

8p, 1996 WL 374184, at *7 (July 2, 1996). The ALJ must "discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis . . . and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." Id. The ALJ must also explain how any material inconsistencies or ambiguities in the case record were considered and resolved." Id. "The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. The RFC assessment "must not be expressed initially in terms of the exertional categories of "sedentary [or] light; "rather, a function-by-function evaluation is necessary in order to arrive at an accurate RFC. Id. at *3 ("[A] failure to first make a function-by-function assessment of the [claimant's] limitations of restrictions could result in the adjudicator overlooking some of [the claimant's] limitations or restrictions.").

In this case, the ALJ's RFC finding is supported by substantial evidence. The ALJ considered Aguilar's multiple complaints, i.e., he tires easily, he has no strength, his bones hurt constantly, he has frequent headaches, and he feels like he always has a cold. Tr. 11. The ALJ also considered Aguilar's testimony regarding his activities of daily living and his ability to sit, stand, walk, lift, kneel, bend and grasp. *Id.* The ALJ also cited to the medical record supporting his decision. The Court has examined the record as a whole and finds substantial evidence supports the ALJ's RFC determination. Aguilar contends the consultative examination performed by Dr. Herrera does not support the ALJ's RFC determination. However, the record indicates the ALJ considered Dr. Herrera's report along with all the other evidence. The Court cannot reweigh the evidence. *Sisco v. United States Dep't of Health & Human Servs.*, 10 F.3d 739, 741 (10th

4

Cir. 1993). Accordingly, the Court finds the ALJ's RFC finding is supported by substantial evidence.

Aguilar also contends the ALJ failed to discuss his depression and violated the ALJ's duty to develop the record. In *Hawkins v. Chater*, 113 F.3d 1162 (10th Cir. 1997), the Court of Appeals in addressing a similar issue stated:

> Ordinarily, the claimant must in some fashion raise the issue sought to be developed, which, on its face, must be substantial. Specifically, the claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists. When the claimant has satisfied his or her burden in that regard, it then, and only then, becomes the responsibility of the ALJ to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment.
>
> Further, when the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored. Thus, in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development. In the absence of such a request by counsel, we will not impose a duty on the ALJ to order a consultative examination unless the need for one is clearly established in the record.
>
> * * * * * * * * *
>
> The ALJ does not have to exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning. The standard is one of reasonable good judgment. The duty to develop the record is limited to "fully and fairly develop[ing] the record as to material issues."

*Id.* at 1167-68 (internal citations omitted). In this case, Aguilar, who was represented by counsel, never mentioned he was suffering from any mental impairment. The record also reflects Aguilar did not seek or receive treatment for any mental impairment. The Court has reviewed the entire record and found the mention of a mental impairment on three visits to the Healthcare for the Homeless MedicalClinic, two of which were made by the same health care provider. Tr. 53 (10/13/94-observation by health care provider "Pt. has very flat affect.); Tr. 54 (10/6/94-

5

"depressed appearing- ? somatization disorder &/or depression. Pt. attributes sadness and inability to work (x2 yrs) to physical illness. He is applying for SSI (? 2d gain)"); Tr. 56, 57 (9/29/94- "seems depressed" & "?somatization disorder"). Based on the record, it was reasonable for the ALJ not to order a psychological consultative examination because there was no evidence sufficient to suggest a reasonable possibility that a severe impairment existed.

Finally, Aguilar contends the ALJ's finding that his complaints of pain and nonexertional limitations were not credible is not supported by substantial evidence and is contrary to law. The Court disagrees. Credibility determinations are peculiarly the province of the finder of fact and will not be upset when supported by substantial evidence. *Diaz v. Secretary of Health and Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen,* 838 F.2d 1125, 1133 (10th Cir. 1988).

In this case, the ALJ "closely and affirmatively" linked his finding that Aguilar's complaints of pain and nonexertional limitations were not credible to substantial evidence. The ALJ cited to the medical record to support his finding that Aguilar's complaints of pain and nonexertional limitations were not credible. The ALJ cited to Aguilar's pulmonary function studies, which indicated mild obstructive defect. The ALJ also considered Aguilar's activities of daily living, the type and amount of medication taken, the frequency of his visits to his health care providers and the treatment recommended by his physicians.

## RECOMMENDED DISPOSITION

The ALJ applied correct legal standards and his decision is supported by substantial evidence. Aguilar's Motion to Reverse or Remand Administrative decision, filed May 1, 2001,

6

should be denied, and this action should be dismissed.

_____
JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.